IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TENARIS S.A.,<br>29, avenue de la Porte-Neuve<br>3rd Floor<br>L-2227, Luxembourg<br>Grand-Duchy of Luxembourg<br><br>– and –<br><br>TALTA-TRADING E MARKETING<br>SOCIEDADE UNIPESSOAL LDA,<br>Rua da Alfandega 74-76<br>2º andar, sala H<br>Funchal, 9000-059<br>Ilha de Madeira<br>Portugal,<br><br>      Petitioners,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF<br>VENEZUELA,<br>Ministerio del Poder Popular para Relaciones<br>Exteriores<br>Oficina de Relaciones Consulares,<br>Avenida Urdaneta<br>Esquina de "Carmelitas" a "Puente Llaguno"<br>Edificio anexo a la Torre "MRE"<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>      Respondent. | Civil Action No. \_\_\_ |

**PETITION TO RECOGNIZE AND
ENFORCE AN ICSID ARBITRATION AWARD**

Petitioners Tenaris S.A. and Talta-Trading e Marketing Sociedade Unipessoal Lda ("Petitioners"), by and through their attorneys, state as follows:

## INTRODUCTION

By this action, Petitioners respectfully seek recognition of an arbitration award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 (the "ICSID Convention"). The arbitration award (the "Award") was rendered on January 29, 2016, in favor of Petitioners and against Respondent the Bolivarian Republic of Venezuela ("Venezuela"), following an arbitration conducted under the auspices of the International Centre for Settlement of Investment Disputes ("ICSID"). Petitioners also seek an order enforcing the pecuniary obligations imposed by the Award and entering judgment in Petitioners' favor requiring Venezuela to pay Petitioners the full value of the Award, with interest and costs as provided therein and with further interest to accrue pursuant to the Award until the date of payment in full, in addition to the costs of this proceeding. A certified copy of the Award is attached as Exhibit A to the Declaration of Nigel Blackaby in support of the Petition to Recognize and Enforce an ICSID Arbitration Award ("Blackaby Declaration" or "Blackaby Decl."), dated June 8, 2018.[1]

## THE PARTIES

1. Petitioner Tenaris S.A. ("Tenaris") is a company incorporated under the laws of the Grand Duchy of Luxembourg with its registered office located at 29, avenue de la Porte-Neuve, 3rd Floor, L-2227, Luxembourg, Grand-Duchy of Luxembourg.

2. Petitioner Talta-Trading e Marketing Sociedade Unipessoal Lda ("Talta") is a company incorporated under the laws of the Republic of Portugal with its registered office

---

[1] For the Court's convenience, the relevant articles of the ICSID Convention are attached as Exhibit B to the Blackaby Declaration.

located at Rua da Alfandega 74-76, 2º andar, sala H, Funchal, 9000-059, Ilha da Madeira, Portugal.

3. Respondent is the Bolivarian Republic of Venezuela, a foreign State within the meaning of the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that the United States District Courts shall have original subject matter jurisdiction over any nonjury civil action against a foreign State unless the foreign State is entitled to immunity under 28 U.S.C. §§ 1605-1607 or an applicable international agreement.

5. Venezuela is not entitled to immunity here. Venezuela has waived its immunity for the purpose of this Petition by becoming a party to the ICSID Convention. *See* 28 U.S.C. § 1605(a)(1).[2] In addition, Venezuela is not entitled to immunity because this action seeks to recognize an arbitral award made pursuant to a treaty in force in the United States calling for the recognition and enforcement of arbitral awards – specifically, the ICSID Convention. *See* 28 U.S.C. § 1605(a)(6).

6. This Court also has subject matter jurisdiction over this action pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions" to enforce an ICSID award. The United States is a

---

[2] While the arbitration was pending, Venezuela withdrew from the ICSID Convention, effective on July 25, 2012. However, all of the rights of Petitioners and obligations of Venezuela that were at issue in the underlying arbitration, and which Petitioners seek to have recognized and enforced by this Petition, arose before Venezuela's denunciation took effect and were therefore unaffected by it. *See* Blackaby Decl., Ex. B (ICSID Convention Excerpts), at Art. 72 ("Notice [of denunciation] by a Contracting State . . . shall not affect the rights or obligations under this Convention . . . arising out of consent to the jurisdiction of [ICSID] given by one of them before such notice was received by the depositary.").

3

signatory to the ICSID Convention. The Federal Arbitration Act does not apply to this action. *See* 22 U.S.C. § 1650a(a).

7. This Court may exercise personal jurisdiction over Venezuela pursuant to 28 U.S.C. § 1330(b), which provides that the United States District Courts have personal jurisdiction over a foreign State that – like Venezuela in this action – is not entitled to immunity, provided that service of process is effected in accordance with 28 U.S.C. § 1608. Petitioners intend to serve process in a timely manner on Venezuela pursuant to 28 U.S.C. § 1608(a), including, if required, through the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

8. Venue is proper in this district under 28 U.S.C. § 1391(f)(4), which provides that a party may bring a civil action against a foreign State in the United States District Court for the District of Columbia.

## THE DISPUTE AND THE AWARD

9. Petitioners Tenaris and Talta are Luxembourg and Portuguese companies, respectively, that hold interests in the steel industry. The underlying dispute arose out of Venezuela's unlawful expropriation of Petitioners' investment in Materiales Siderúrgicos Masisi S.A. ("Matesi"), a company that produced hot briquetted iron, which is an input for the production of steel. Venezuela did not compensate Petitioners for the expropriation of their investment in Matesi.

10. On August 24, 2011, Petitioners filed a Request for Arbitration with ICSID against Venezuela, alleging that Venezuela's actions constituted violations of the bilateral

4

investment treaty ("BIT") between Luxembourg and Venezuela, and the BIT between Portugal and Venezuela.

11.     An ICSID arbitral tribunal (the "Tribunal") was constituted on April 26, 2012. The Tribunal comprised three eminent jurists with expertise in international arbitration: Judd L. Kessler, appointed by Petitioners; Toby Landau, QC, appointed by Venezuela; and John Beechey, CBE, appointed jointly by the parties to serve as President of the Tribunal.

12.     After receiving hundreds of pages of briefing, accompanied by exhibits, legal authorities, expert reports, and witness statements, the Tribunal held a first hearing in Washington, D.C. from January 31, 2014 through February 7, 2014. At the hearing, Petitioners and Venezuela made legal submissions and examined fact and expert witnesses. The Tribunal then held a second hearing in London on July 9-10, 2014. The parties subsequently submitted post-hearing briefs.

13.     On January 29, 2016, the Tribunal issued the Award. The Tribunal concluded unanimously that it had jurisdiction over the dispute and that Venezuela had unlawfully expropriated Petitioners' investment in violation of the BITs. The Tribunal awarded Petitioners the amount of US$87,300,000 as compensation for the unlawful expropriation. The Tribunal also awarded pre-Award interest from April 30, 2008 until January 29, 2016 in the amount of US$85,501,213.70, as well as post-Award interest (subject to a grace period of six months from the date of the Award) in the amount of 9% per annum, compounded every six months. As of June 8, 2018, post-Award interest is calculated to be US$40,016,716.30. Finally, the Tribunal ordered Venezuela to reimburse Petitioners for the US$225,000 that Petitioners had advanced to ICSID to cover the costs of the arbitration when Venezuela failed to do so. As of June 8, 2018, the current value of the Award is US$213,042,930.

14. Venezuela did not satisfy the Award, and never responded to Petitioners' letter of February 25, 2016 demanding payment. Instead, on March 14, 2016, Venezuela filed with the Tribunal a Request for Rectification. On May 31, 2016 – before the Tribunal had rendered its decision on the Request for Rectification – Venezuela also filed an Application for Annulment of the Award with ICSID. The Tribunal denied the Request for Rectification on June 24, 2016, and Venezuela subsequently filed a renewed Application for Annulment of the Award (the "Application") with ICSID. An *ad hoc* annulment committee (the "Committee") was constituted on December 27, 2016 to rule on the Application.

15. In seeking annulment, Venezuela requested a stay of enforcement of the Award pending the outcome of its Application. When a party seeking annulment requests a stay of enforcement with their application for annulment, the ICSID Convention provides that "enforcement shall be stayed provisionally until the Committee rules on such request." Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 52(5). Petitioners opposed the continuation of the stay and, on March 24, 2017, after three rounds of briefing, the Committee lifted the stay.

16. The Committee did so because Venezuela had proven itself to be financially unreliable. ICSID's Administrative and Financial Regulations state that the party seeking annulment (here, Venezuela) must make advance payments to ICSID to cover the costs of the proceedings in the amounts requested, and by the deadlines imposed, by the ICSID Secretariat. A failure to pay these advances typically results in the suspension of the annulment proceedings. If such a self-induced suspension occurs while a provisional stay of enforcement is still in place, then the applicant for annulment can delay enforcement of the award indefinitely by not paying ICSID's cost advances.

17. In this case, Venezuela commenced the annulment proceeding but then did not make the required payments to cover its costs, and so the suspension of proceedings was, in the words of the Committee, "imminent." Blackaby Decl. Ex. E (Decision on Stay of Enforcement), at ¶ 91. However, the Committee recognized that a continued stay of enforcement would allow Venezuela to delay enforcement of the Award indefinitely, and the Committee therefore lifted the stay. As of the date of this Petition, enforcement of the Award is not stayed, and so Petitioners may enforce the Award.

18. The parties then proceeded to address the merits of Venezuela's Application. Petitioners and Venezuela each submitted two rounds of briefing, and the hearing on annulment took place on March 22-23, 2018 in Washington, D.C. The Committee's decision on Venezuela's Application remains pending.

## LEGAL BASIS FOR RELIEF

19. Article 54(1) of the ICSID Convention requires Contracting States to "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 54(1).

20. To fulfill this obligation, the United States passed implementing legislation that provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the [ICSID] convention.

22 U.S.C. § 1650a(a).

21. The ICSID Convention prevents parties to an ICSID arbitration from challenging an ICSID award in court. *See* Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 53(1). Accordingly, Venezuela may not attack the Award in this proceeding. Thus, because the arbitration was conducted pursuant to the ICSID Convention, Venezuela's only opportunity to challenge the Award is through the ICSID annulment process. Venezuela has done so but, as noted above, that is not a bar to recognition or enforcement by a U.S. court when, as here, no stay of enforcement is in place.

### THE AWARD MUST BE RECOGNIZED AND ENFORCED

22. Petitioners restate and incorporate Paragraphs 1 through 21 as if set forth fully herein.

23. The Award, a binding arbitration award under the ICSID Convention, has been issued in Petitioners' favor.

24. Awards issued pursuant to the ICSID Convention are subject to recognition and enforcement in the United States pursuant to 22 U.S.C. § 1650a.

25. Petitioners are thus entitled to an order recognizing the Award as a judgment pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, and enforcing the pecuniary obligations imposed by the Award by entering judgment thereon in the current value of the Award, with further interest to accrue pursuant to paragraph 625(8) of the Award until the Award is paid in full, in addition to the costs of this proceeding.

**WHEREFORE**, Petitioners respectfully request that the Court enter an order:

    (a) Recognizing the Award pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

    (b) Enforcing the pecuniary obligations imposed by the Award by entering judgment

in favor of Petitioners and against Venezuela in the full value of the Award, *i.e.*, (i) damages and pre-Award interest awarded by the Tribunal in the amount of US$172,801,213.70; (ii) costs as awarded by the Tribunal, in the amount of US$225,000; and (iii) ongoing interest as provided by the Tribunal, accruing until the date of payment in full (calculated to be US$40,016,716.30 as of June 8, 2018);

(c) Ordering Venezuela to pay the costs of this proceeding; and

(d) Granting Petitioners such other and further relief as the Court deems just and proper.

Dated: June 8, 2018

Respectfully submitted,

By: */s/ Elliot Friedman*
Elliot Friedman (D.C. Bar No. NY0106)
Robert J. McCallum (*pro hac vice pending*)

FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
elliot.friedman@freshfields.com
rob.mccallum@freshfields.com

*Attorneys for Petitioners
Tenaris S.A. and Talta-Trading e
Marketing Sociedade Unipessoal Lda*