IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TENARIS S.A. and TALTA-TRADING E MARKETING SOCIEDADE UNIPESSOAL LDA,<br><br>                     Petitioners,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                     Respondent. | Civil Action No. ___ |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO RECOGNIZE AND ENFORCE AN ICSID ARBITRATION AWARD

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

Elliot Friedman (D.C. Bar No. NY0106)
Robert J. McCallum (*pro hac vice pending*)
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
elliot.friedman@freshfields.com
rob.mccallum@freshfields.com

*Attorneys for Petitioners
Tenaris S.A. and Talta-Trading e
Marketing Sociedade Unipessoal Lda*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT .......................................................................................................................... 6

I.     The Award Must Be Given Full Faith And Credit Pursuant To 22 U.S.C. § 1650a ......... 6

II.    This Court Has Jurisdiction To Recognize And Enforce The Award Because
Venezuela Does Not Benefit From Sovereign Immunity In This Case .......................... 7

III.   The Court Should Not Entertain Any Substantive Challenges To The Award ............... 10

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

## CASES

*Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72 (2d Cir. 2013) .......................... 8, 9
*Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131
   (D.D.C. 2012) ................................................................................................................................ 6
*GSS Group Ltd. v. Nat'l Port Authority*, 680 F.3d 805 (D.C. Cir. 2012) ........................................ 9
*M.B.L. Int'l Contractors, Inc. v. Republic of Trin. & Tobago*, 725 F. Supp. 52
   (D.D.C. 1989) ................................................................................................................................ 7
*Micula v. Gov't of Romania*, 104 F. Supp. 3d 42 (D.D.C. 2015) ................................................... 9
*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96 (2d Cir. 2017) ... 8, 10
*Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82 (D.C. Cir. 2002) ..................... 9

## STATUTES

22 U.S.C. § 1650a .................................................................................................................. *passim*
28 U.S.C. § 1330 ............................................................................................................................. 9
28 U.S.C. § 1391 ............................................................................................................................. 9
28 U.S.C. § 1605 .......................................................................................................................... 7, 8
28 U.S.C. § 1608 ............................................................................................................................. 9

## TREATIES

Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial
   Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361,
   658 U.N.T.S. 163 .......................................................................................................................... 9
Convention on the Settlement of Investment Disputes between States and Nationals of Other
   States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ......................................................... 1

Petitioners Tenaris S.A. ("Tenaris") and Talta-Trading e Marketing Sociedade Unipessoal Lda ("Talta" and, together with Tenaris, "Petitioners") respectfully submit this Statement of Points and Authorities in support of the Petition to Recognize and Enforce an ICSID Arbitration Award (the "Petition"), dated June 8, 2018.[1]

**PRELIMINARY STATEMENT**

Petitioners seek recognition and enforcement of an arbitration award issued in their favor on January 29, 2016 (the "Award"). The Award was issued against Respondent the Bolivarian Republic of Venezuela ("Venezuela") following an arbitration conducted under the Rules of Arbitration of the International Centre for Settlement of Investment Disputes ("ICSID"), captioned *Tenaris S.A. and Talta-Trading e Marketing Sociedade Unipessoal Lda v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/11/26. *See* Blackaby Decl. Ex. A (Award). The Award granted Petitioners over US$172 million in compensation for Venezuela's unlawful and uncompensated expropriation of Petitioners' investment in Materiales Siderúrgicos Masisi S.A. ("Matesi"). Matesi produced hot briquetted iron, an input for the production of steel.

ICSID is an arm of the World Bank. It is an international institution established under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 (the "ICSID Convention"), which has been signed and ratified by 153 Contracting States, including the United States.

Article 54(1) of the ICSID Convention obliges each Contracting State to recognize and enforce an arbitration award issued pursuant to the ICSID Convention. *See* Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 54(1). The United States has implemented Article

---

[1] Petitioners have also filed the Declaration of Nigel Blackaby in support of the Petition ("Blackaby Declaration" or "Blackaby Decl."), dated June 8, 2018. Cited exhibits are attached to the Blackaby Declaration.

54(1) of the ICSID Convention by enacting 22 U.S.C. § 1650a, which requires the United States District Courts to recognize and enforce an ICSID award and provide it with the same full faith and credit as a final judgment issued by a state court.

Venezuela has not satisfied its obligations under the Award. Accordingly, Petitioners respectfully ask this Court to recognize the Award and enforce it by ordering Venezuela to pay Petitioners the full value of the Award, presently US$213,042,930, and the costs of this proceeding.

## STATEMENT OF FACTS

Petitioner Tenaris is a company incorporated under the laws of Luxembourg. *See* Blackaby Decl. Ex. A (Award), at ¶ 1. Tenaris is a global supplier of steel tubes for the energy industry and other industrial applications. *See id.* at ¶ 4. Petitioner Talta is a company incorporated under the laws of Portugal. *See id.* at ¶ 1. Talta is one of Tenaris's wholly-owned subsidiaries. *See id.* at ¶ 4.

Tenaris and Talta held interests in Matesi. *See* Blackaby Decl. Ex. A (Award), at ¶¶ 4-5. The underlying dispute arose out of Venezuela's unlawful expropriation of Petitioners' investment in Matesi. *See id.* at ¶ 6. Venezuela did not compensate Petitioners for that expropriation. *See id.* at ¶ 479.

Petitioners filed a Request for Arbitration with ICSID on August 24, 2011. *See* Blackaby Decl. Ex. A (Award), at ¶ 11. The arbitration proceedings were extensive, and Petitioners and Venezuela participated fully. Venezuela submitted two rounds of briefing, which totaled over 400 pages. *See* Blackaby Decl. ¶ 6. Venezuela also submitted five witness statements and five expert reports on a variety of topics. *See* Blackaby Decl. Ex. A (Award), ¶ 20. Petitioners likewise submitted two rounds of pre-hearing written submissions, running to over 300 pages,

*see* Blackaby Decl. ¶ 6, accompanied by three witness statements and three expert reports, *see* Blackaby Decl. Ex. A (Award), at ¶ 20. The Tribunal conducted a first hearing in Washington, D.C. over the course of six business days from January 31, 2014 through February 7, 2014, which included the examination of twelve witnesses. *See id.* at ¶¶ 22-23. The Tribunal held a second hearing, which focused on expert evidence regarding Portuguese and Luxembourg law, in London on July 9-10, 2014. *See id.* at ¶ 25. The parties then submitted post-hearing briefs and costs submissions. *See id.* at ¶ 26.

On January 29, 2016, the Tribunal issued its 205-page Award, unanimously finding that it had jurisdiction over the expropriation claims and ruling in favor of Petitioners on the merits of the dispute. *See* Blackaby Decl. Ex. A (Award), at ¶ 625. The Tribunal found that Venezuela had expropriated Petitioners' investment in Matesi in violation of the Luxembourg-Venezuela bilateral investment treaty and the Portugal-Venezuela bilateral investment treaty, and awarded Petitioners monetary damages in the amount of US$87,300,000. *See id.* at ¶ 625. The Tribunal also ordered Venezuela to pay Petitioners US$85,501,213.70 in pre-Award interest, as well as post-Award interest (subject to a grace period of six months from the date of the Award) at the rate of 9% per annum, compounded every six months. *See id.* at ¶ 625. Finally, the Tribunal ordered Venezuela to reimburse Petitioners for an advance that Petitioners had paid to ICSID to cover the costs of the proceeding when Venezuela failed to do so, and to pay interest on that amount at the same rate as on the damages awarded after the six-month grace period (which ended in July 2016). *See id.* at ¶ 625.

Venezuela has not paid a cent of the amounts awarded to Petitioners. On February 25, 2016, Petitioners wrote to demand payment from Venezuela. *See* Blackaby Decl. Ex. C (February 25, 2016 Letter). Venezuela did not respond. *See* Blackaby Decl. ¶ 8.

Instead, on March 14, 2016, Venezuela filed a Request for Rectification, claiming that the Tribunal had erred in its calculation of damages by awarding duplicative damages. *See* Blackaby Decl. ¶ 9. The parties each submitted two rounds of briefing to the Tribunal, which rejected Venezuela's rectification request on June 24, 2016. *See id.* at ¶ 9.

On May 31, 2016 – before the Tribunal had rendered its decision on the Request for Rectification – Venezuela also filed an Application for Annulment of the Award with ICSID. *See* Blackaby Decl. ¶ 10.[2] Venezuela subsequently filed a renewed Application for Annulment of the Award (the "Application") after its Request for Rectification was rejected. *See id.* Venezuela also requested a stay on enforcement of the Award pending a decision on its Application. *See id.* On September 29, 2016, ICSID registered the Application and granted a provisional stay of enforcement of the Award. *See id.* at ¶ 11.[3] On December 27, 2016, ICSID appointed an *ad hoc* annulment committee (the "Committee") to adjudicate Venezuela's Application. *See id.*

On March 24, 2017, after three rounds of briefing, the Committee ruled on Venezuela's stay request and decided to lift the stay. *See* Blackaby Decl. ¶ 14.[4] The Committee did so

---

[2] The ICSID Convention provides for an exclusive internal review mechanism, termed an application for "annulment." *See* Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 53(1) ("The award . . . shall not be subject to any appeal or to any other remedy except those provided for in this Convention."). The ICSID Convention allows for annulment only on very narrow grounds, all of which are listed in the Convention itself. *See* Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 52(1).

[3] This is standard practice in ICSID annulment proceedings. The ICSID Convention provides that annulment applicants are entitled to an automatic, provisional stay of enforcement if requested with the application for annulment. *See* Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 52(5).

[4] Under the ICSID Convention, the only barrier to immediate enforcement of an award is a stay of enforcement; parties may enforce an award pending annulment if no stay of enforcement is in place. *See* Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 53; Blackaby Decl. ¶ 12.

because Venezuela had proven itself to be financially unreliable. ICSID's Administrative and Financial Regulations state that the party seeking annulment must make advance payments to ICSID to cover the costs of the proceedings in the amounts requested, and by the deadlines imposed, by the ICSID Secretariat. *See* Blackaby Decl. Ex. D (ICSID Administrative and Financial Regulations), at Regulation 14(3)(e). In the event that the applicant for annulment does not provide cost advances as requested, ICSID will suspend the proceedings until the cost advances are paid. *See id.* at Regulation 14(3)(b). If such a self-induced suspension occurs while a provisional stay of enforcement is still in place, then the applicant for annulment can delay enforcement of the award indefinitely by not paying ICSID's cost advances.

In this case, Venezuela commenced the annulment proceeding but then did not make the required payments to cover its costs, and so the suspension of proceedings was, in the words of the Committee, "imminent." Blackaby Decl. Ex. E (Decision on the Stay of Enforcement), at ¶ 91. The Committee recognized that Venezuela was using the annulment process as "an instrument to postpone the exercise of the rights" that Tenaris and Talta had under the Award – namely, the right to compensation for Venezuela's unlawful expropriation of Matesi. Blackaby Decl. Ex. E (Decision on the Stay of Enforcement), at ¶ 91. As a result, the Committee lifted the stay on March 24, 2017. *See id.* at ¶ 94.

The parties then proceeded to address the merits of Venezuela's Application. Petitioners and Venezuela each submitted two rounds of briefing, and the hearing on annulment took place on March 22-23, 2018 in Washington, D.C. *See* Blackaby Decl. ¶ 15. The Committee's decision on Venezuela's Application is expected within the next four months. *See id.*

## ARGUMENT

### I. The Award Must Be Given Full Faith And Credit Pursuant To 22 U.S.C. § 1650a

Article 54(1) of the ICSID Convention provides that the United States, along with all other Contracting States, "shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 54(1). Pursuant to this obligation, the United States enacted implementing legislation that requires the United States District Courts to give full faith and credit to ICSID awards. This implementing legislation is codified at 22 U.S.C. § 1650a, which provides that "[t]he pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States," 22 U.S.C. § 1650a(a), and grants the United States District Courts exclusive jurisdiction over actions brought to recognize and enforce ICSID awards, 22 U.S.C. § 1650a(b).

In *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131 (D.D.C. 2012), this Court considered the enforceability of ICSID awards. The Court held that it was "*required* by statute to give the Award full faith and credit and confirm it accordingly." *Duke Energy*, 904 F. Supp. 2d at 133 (emphasis in original). The Award that Petitioners seek to recognize is unambiguous with respect to Venezuela's liability and the amount that Venezuela is obligated to pay. Accordingly, 22 U.S.C. § 1650a requires that this Court give the Award full faith and credit and order its recognition and enforcement.

II. **This Court Has Jurisdiction To Recognize And Enforce The Award Because Venezuela Does Not Benefit From Sovereign Immunity In This Case**

Venezuela is not entitled to immunity from Petitioners' claim.

*First*, Venezuela has waived sovereign immunity pursuant to the "implied waiver" provision of the Foreign Sovereign Immunities Act ("FSIA"), which states:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
> (1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver; . . . .

28 U.S.C. § 1605(a)(1). Venezuela impliedly waived its sovereign immunity with respect to actions to recognize and enforce ICSID awards by becoming a Contracting State to the ICSID Convention. Article 54 of the ICSID Convention contains the implied waiver, as it obliges each Contracting State to "recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 54(1).

In *M.B.L. Int'l Contractors, Inc. v. Republic of Trin. & Tobago*, 725 F. Supp. 52 (D.D.C. 1989), this Court recognized that Contracting States to the ICSID Convention have waived their sovereign immunity by implication with respect to recognition and enforcement actions. *See M.B.L. Int'l Contractors*, 725 F. Supp. at 55-56. In that case, the Court observed that a contrary holding would "defeat the very purpose of the [ICSID] Convention which is to provide for the enforcement of foreign arbitration awards" and that Contracting States to the ICSID Convention "must have contemplated the participation of the United States courts for enforcement of arbitration awards under the [ICSID] Convention notwithstanding" sovereign immunity. *Id.*; *see*

*also Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013). Thus, by becoming a Contracting State to the ICSID Convention, Venezuela must have contemplated enforcement actions in other Contracting States, including in the United States, and has therefore waived its sovereign immunity with respect to the recognition of ICSID awards pursuant to 28 U.S.C. § 1605(a)(1).

*Second*, and independently, Venezuela may not assert sovereign immunity because the "arbitral award" exception in the FSIA applies to this action. That exception provides:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case— . . .
>
> (6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitration, if . . . (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, . . . .

28 U.S.C. § 1605(a)(6).

This provision is applicable here because the Award is governed by the ICSID Convention, a treaty in force for the United States "calling for the recognition and enforcement of arbitral awards." *Blue Ridge Invs., L.L.C.*, 735 F.3d at 85; *see also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 104-05 (2d Cir. 2017) (holding that the "arbitral award" exception applies to actions to enforce ICSID awards). In accepting that the "arbitral award" exception applies to the recognition and enforcement of ICSID awards, the Second Circuit noted that "every court to consider whether awards issued pursuant to the ICSID

Convention fall within the arbitral award exception to the FSIA has concluded that they do." *Blue Ridge Invs., L.L.C.*, 735 F.3d at 85 (collecting cases).

Thus, Venezuela is not entitled to invoke its sovereign immunity in this action and this Court has subject matter jurisdiction under 28 U.S.C. § 1330(a) to recognize and enforce the Award.

Following the decision in *Micula v. Gov't of Romania*, 104 F. Supp. 3d 42 (D.D.C. 2015), Petitioners will fully comply with the FSIA's requirements for service, personal jurisdiction, and venue. Petitioners have filed this plenary proceeding and will take the steps necessary to effect service of process on Venezuela in accordance with 28 U.S.C. § 1608(a), including, if required, service through the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, which entered into force for Venezuela on July 1, 1994.[5] Under the FSIA, personal jurisdiction over a foreign State is established as a result of the Court having subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) and the foreign State having been properly served with process pursuant to 28 U.S.C. § 1608. *See* 28 U.S.C. § 1330(b); *GSS Group Ltd. v. Nat'l Port Authority*, 680 F.3d 805, 811 (D.C. Cir. 2012). Thus, unlike private persons, foreign States do not benefit from the constitutional limits on personal jurisdiction. *See GSS Group Ltd.*, 680 F.3d at 813 (citing *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 98-99 (D.C. Cir. 2002)). Finally, as this is a civil action against a foreign State, venue is proper in this Court. *See* 28 U.S.C. § 1391(f)(4).

---

[5] *See* Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

The FSIA therefore provides that this Court has subject matter jurisdiction to enforce the Award, has personal jurisdiction in this case over Venezuela, and is a proper venue.

### III. The Court Should Not Entertain Any Substantive Challenges To The Award

The Court should not entertain any substantive challenges to the Award notwithstanding that this recognition and enforcement action will proceed on a plenary basis. *See Mobil Cerro Negro*, 863 F.3d at 117-18 (noting that a plenary proceeding to recognize and enforce an ICSID award does not allow a respondent to put forth substantive defenses or defenses grounded in the Federal Arbitration Act). Further, Article 53(1) of the ICSID Convention prevents parties to an ICSID arbitration from challenging the substance of an award in court:

> The award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention. Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.

Blackaby Decl. Ex. B (ICSID Convention Excerpts), at Art. 53(1). Venezuela's sole remedies for any perceived defects in the Award are therefore contained within the ICSID Convention itself, including the ICSID annulment mechanism that Venezuela has invoked but which is not a bar to these enforcement proceedings. *See id.* (requiring parties to comply with ICSID awards "except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention"). Venezuela's obligation to abide by and comply with the Award is limited only by a stay of enforcement, and no such stay is in effect. *See* Blackaby Decl. Ex. E (Decision on the Stay of Enforcement), at ¶ 94.

### CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court enter an order (i) recognizing the Award as a judgment of this Court pursuant to 22 U.S.C. § 1650a and Article

54 of the ICSID Convention; (ii) enforcing the pecuniary obligations imposed by the Award by entering judgment in favor of Petitioners and against Venezuela in the full amount of the Award, presently US$213,042,930, plus ongoing interest as provided by the Tribunal accruing until the date of payment in full; (iii) ordering Venezuela to pay the costs of this proceeding; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: June 8, 2018                                  Respectfully submitted,


By: */s/ Elliot Friedman*
Elliot Friedman (D.C. Bar No. NY0106)
Robert J. McCallum (*pro hac vice pending*)

FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
elliot.friedman@freshfields.com
rob.mccallum@freshfields.com

*Attorneys for Petitioners*
*Tenaris S.A. and Talta-Trading e*
*Marketing Sociedade Unipessoal Lda*