IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TENARIS S.A. and TALTA-TRADING E MARKETING SOCIEDADE UNIPESSOAL LDA,<br><br>                      Petitioners,<br><br>     v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                      Respondent. | Civil Action No. ____ |

## DECLARATION OF NIGEL BLACKABY

Pursuant to 28 U.S.C. § 1746, I, Nigel Blackaby, declare and state as follows:

1. I am a partner with the law firm Freshfields Bruckhaus Deringer US LLP and counsel for the Petitioners and arbitration award creditors Tenaris S.A. ("Tenaris") and Talta-Trading e Marketing Sociedade Unipessoal Lda ("Talta"). I am admitted as a Special Legal Consultant of the District of Columbia Bar and as a Solicitor of the Senior Courts of England and Wales.

2. I respectfully submit this declaration in support of Petitioners' Petition to Recognize and Enforce an ICSID Arbitration Award ("Petition"). The Petition seeks the recognition of an arbitral award, and the enforcement of the pecuniary obligations imposed by that arbitral award, rendered in favor of Petitioners against the Bolivarian Republic of Venezuela ("Venezuela") following an arbitration conducted under the rules of the International Centre for Settlement of Investment Disputes ("ICSID") and pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention").

The arbitration was captioned *Tenaris S.A. and Talta-Trading e Marketing Sociedade Unipessoal Lda v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/11/26 (the "Arbitration"), and resulted in an arbitration award dated January 29, 2016 (the "Award").

3. A true and correct copy of the Award, certified by the Acting Secretary General of ICSID, is attached to this Declaration as Exhibit A.[1]

4. True and correct copies of the relevant articles of the ICSID Convention are attached to this Declaration as Exhibit B.

5. I was lead counsel to Petitioners in the underlying arbitration, and am currently representing Petitioners in the related annulment proceedings, which are being heard by an ICSID *ad hoc* annulment committee. I am therefore familiar with and have personal knowledge of the arbitral proceedings that culminated in the Award and of the subsequent annulment proceedings. I make this declaration based on my personal knowledge, and based on my review of the record of the Arbitration and the exhibits attached to this Declaration.

6. An ICSID arbitral tribunal (the "Tribunal") was constituted on April 26, 2012 to preside over the Arbitration. Petitioners and Venezuela participated fully in the proceedings before the Tribunal. Venezuela submitted over 400 pages in two rounds of briefing on its objections to jurisdiction and on the merits of the dispute. Petitioners likewise submitted two rounds of pre-hearing briefing, running to over 300 pages. The parties also submitted thousands of pages of exhibits, witness statements, expert reports, and legal authorities. At the first hearing, which took place in Washington, D.C. from January 31, 2014 until February 7, 2014, the parties made oral arguments and collectively examined twelve fact and expert witnesses. At

---

[1] The Award was rendered in both English and Spanish. Petitioners have attached as Exhibit A the English version of the Award, certified by the ICSID Acting Secretary General.

2

the second hearing, which took place on July 9-10, 2014 in London, the parties examined experts on questions of Luxembourg and Portuguese law.

7. On January 29, 2016, the Tribunal issued the Award in Petitioners' favor. The Tribunal found that Venezuela had breached the bilateral investment treaty between Luxembourg and Venezuela and the bilateral investment treaty between Portugal and Venezuela by unlawfully expropriating Petitioners' investment. The Tribunal ordered Venezuela to compensate Petitioners in the amount of US$87,300,000 for the expropriation, together with pre-Award interest of US$85,501,213.70 and post-Award interest (subject to a grace period of six months from the date of the Award) at a rate of "9% per annum, compounded at six-monthly rests from the date of" the Award. Ex. A (Award), at ¶ 625. As of June 8, 2018, post-Award interest is calculated to be US$40,016,716.30. The Tribunal also ordered Venezuela to reimburse Petitioners US$225,000, which is the amount that Petitioners had advanced to ICSID to cover the costs of the arbitration when Venezuela failed to do so. As of June 8, 2018, the full value of the Award is US$213,042,930.

8. On February 25, 2016, Petitioners demanded payment from Venezuela. A true and correct copy of the letter communicating that demand, dated February 25, 2016, is attached to this Declaration as Exhibit C. Venezuela did not respond.

9. On March 14, 2016, Venezuela filed a Request for Rectification, claiming that the Tribunal had erred in its calculation of damages by awarding duplicative damages. The parties each submitted two rounds of briefing to the Tribunal, which rejected Venezuela's rectification request on June 24, 2016.

10. On May 31, 2016 – before the Tribunal had rendered its decision on the Request for Rectification – Venezuela filed an Application for Annulment of the Award with ICSID.

3

Venezuela subsequently filed a renewed Application for Annulment (the "Application") after its Request for Rectification was rejected. Venezuela also requested a stay of enforcement pending a decision on its Application.

11. On September 29, 2016, ICSID registered the Application and granted a provisional stay of enforcement of the Award. On December 27, 2016, ICSID appointed an *ad hoc* committee (the "Committee") to rule on the Application.

12. The ICSID Convention provides for an automatic, provisional stay of enforcement if the party applying for annulment requests it with their application for annulment. *See* Ex. B (ICSID Convention Excerpts), at Art. 52(5). If the other party opposes the stay of enforcement, then Rule 54 of the ICSID Arbitration Rules directs the committee hearing the annulment application to rule, on an expedited basis, whether to continue the stay before reviewing the merits of the annulment application. If enforcement of the award is not stayed, the award creditor is free to enforce the award while annulment proceedings are ongoing. *See id.* at Art. 53(1).

13. At the same time, ICSID's Administrative and Financial Regulations provide that the applicant for annulment must make advance payments to cover the costs of the proceedings when and as requested to do so by the ICSID Secretariat. ICSID is not required to provide any services if the applicant fails to make those payments. A true and correct copy of the relevant ICSID Administrative and Financial Regulation is attached to this Declaration as Exhibit D.

14. Petitioners opposed Venezuela's request to continue the provisional stay of enforcement. The parties submitted three rounds of briefing on the issue. On March 24, 2017, the Committee rejected Venezuela's request and lifted the stay of enforcement. A true and

correct copy of the Tribunal's Decision on the Request to Maintain the Stay of Enforcement of the Award, dated March 24, 2017, is attached to this Declaration as Exhibit E.

15. The parties then proceeded to address the merits of Venezuela's Application. Petitioners and Venezuela each submitted two rounds of briefing, and the hearing on annulment took place on March 22-23, 2018 in Washington, D.C. The Committee's decision on Venezuela's Application is expected within the next four months.

16. Venezuela has not satisfied the Award.

17. No prior application for this or similar relief has been made to this District Court.

18. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2018
Washington, D.C.

By: _____
Nigel Blackaby

FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW
Washington, D.C. 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
nigel.blackaby@freshfields.com