# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TENARIS S.A., TALTA-TRADING
E MARKETING SOCIEDADE UNIPESSOAL LDA,

*Petitioners*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Respondent*.

Case No. 1:18-cv-1371-CRC

---

**RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONERS' MOTION TO ENTER A JUDGMENT THAT INCLUDES POST-JUDGMENT INTEREST IN EXCESS OF THE RATE MANDATED BY 28 U.S.C. § 1961 AND AN AWARD OF COSTS**

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Joseph D. Pizzurro
(D.C. Bar No. 468922)
Kevin A. Meehan
(D.C. Bar No. 1613059)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.:  (202) 452-7373
Fax:  (202) 452-7333
Email:  jpizzurro@curtis.com
Email: kmeehan@curtis.com

*Attorneys for Respondent*
*Bolivarian Republic of Venezuela*

Dated: Washington, D.C.
          February 28, 2020

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT .............................................................................................................................3

I.    Any Judgment Entered on the Award Must Accrue Post-Judgment  Interest at the
      Mandatory Federal Rate under 28 U.S.C. § 1961 ................................................................3

II.   Tenaris's Request for Costs and Fees Should Be Denied.....................................................6

III.  This Court Should Stay Enforcement of the  Judgment in light of the Venezuelan
      Sanctions .............................................................................................................................6

CONCLUSION...........................................................................................................................9

## **TABLE OF AUTHORITIES**

Page(s)

### **Cases**

*Aboulhosn v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   940 F. Supp. 2d 1203 (C.D. Cal. 2013) ................................................................ 4

*Am. Sec. Bank, N.A. v. John Y. Harrison Realty, Inc.*,
   670 F.2d 317 (D.C. Cir. 1982) .......................................................................... 6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   244 F. Supp. 3d 100 (D.D.C. 2017) ................................................................. 5

*Dames & Moore v. Regan*,
   453 U.S. 654 (1981) .......................................................................................... 8

*Fid. Fed. Bank, FSB v. Durga Ma Corp.*,
   387 F.3d 1021 (9th Cir. 2004) ......................................................................... 3

*In re Riebesell*,
   586 F.3d 782 (10th Cir. 2009) ......................................................................... 4

*Miminco v. Democratic Republic of the Congo*,
   79 F. Supp. 3d 213, 218 (D.D.C. 2015) ........................................................... 5

*OI European Group B.V. v. Bolivarian Republic of Venezuela*,
   Civ. No. 16-1533 (ABJ), 2019 U.S. Dist. LEXIS 85128 (D.D.C. May 21, 2019) ............... 5, 6

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*,
   300 F. Supp. 3d 137, 2018 U.S. Dist. LEXIS 34706 (D.D.C. 2018) ....................... 5

*Summit Valley Indus. v. United Bhd. of Carpenters & Joiners*,
   456 U.S. 717 (1982) .......................................................................................... 6

*Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*,
   718 F.3d 448 (5th Cir. 2013) ..................................................................... 3, 4, 5

*Westinghouse Credit Corp. v. D'Urso*,
   371 F.3d 96 (2d Cir. 2004) ............................................................................ 3, 4

### **Statutes**

22 U.S.C. § 1650a ................................................................................................ 5

28 U.S.C. § 1610(c) ............................................................................................. 8

28 U.S.C. § 1961 ......................................................................................... passim

50 U.S.C. § 1702 ................................................................................................ 6

50 U.S.C. § 1704 ................................................................................................ 7

## Executive Orders & Federal Regulations

31 C.F.R. § 591.201 ................................................................................................. 7

31 C.F.R. § 591.202 ................................................................................................. 7

31 C.F.R. § 591.407 ............................................................................................. 2, 7

Exec. Order No. 13692, 80 Fed. Reg. 12747 (Mar. 8, 2015) ............................... 6, 7

Exec. Order No. 13884, 84 Fed. Reg. 38843 (Aug. 5, 2019) ............................... 7, 8

## Other Authorities

Convention on the Settlement of Investment Disputes between States and
  Nationals of Other States,
  Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ................................................ 2

Respondent Bolivarian Republic of Venezuela (the "Republic") submits this memorandum of law in opposition to the motion of Petitioners Tenaris S.A. and Talta-Trading E Marketing Sociedade Unipessoal LDA ("Tenaris") for entry of a judgment against the Republic that includes post-judgment interest in excess of the rate mandated by 28 U.S.C. § 1961.

## PRELIMINARY STATEMENT

Tenaris commenced this action to enforce an arbitral award (the "Award") against the Republic, and now asks this Court to enter a judgment on the Award that provides for post-*judgment* interest at the rate of post-*award* interest provided in the Award.  The Republic does not oppose the imposition of judgment.  However, any post-judgment interest on such judgment should accrue at the rate mandated by the federal post-judgment interest statute, 28 U.S.C. § 1961.  The statutory rate mandated by Section 1961 applies to all federal judgments, including judgments entered on arbitral awards that provide for a different rate of post-award interest.  Section 1961 can only be overridden where the parties have explicitly agreed to a different post-judgment interest rate and the arbitral award explicitly provides for an interest rate to apply ***post-judgment*** as opposed to ***post-award***.  Here, Tenaris does not, and cannot, claim that the parties agreed to a post-judgment interest rate.  Nor can it assert that the Award provides for post-judgment interest.  Indeed, the Award explicitly provides for "post-Award interest" to accrue "until payment in full."  And courts have consistently held that identical language in other arbitral awards is insufficient to override Section 1961.  Accordingly, Section 1961 should be applied to any judgment entered on the Award.

Furthermore, following entry of judgment on the Award, this Court should stay enforcement of that judgment in light of the Venezuelan sanctions regulations issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC").  Those regulations explicitly state that "the ***enforcement*** of any … ***judgment***" against the Republic "***is prohibited***

unless authorized pursuant to a specific license issued by OFAC pursuant to this part." 31 C.F.R.
§ 591.407 (emphasis added). The OFAC regulations further state that judgment creditors of the
Republic cannot attach the assets of the Republic and that any such attachment would be null and
void. Thus, after judgment is entered, this Court should stay enforcement of the judgment.

## **BACKGROUND**

On June 8, 2019, Tenaris commenced this action by filing a petition to confirm the
Award, which was rendered against the Republic on January 29, 2016 in an arbitration conducted
under the auspices of the International Centre for Settlement of Investment Disputes ("ICSID")
and captioned *Tenaris S.A. and Talta-Trading E Marketing Sociedade Unipessoal LDA  v.
Bolivarian Republic of Venezuela*, ICSID Case No. ARB/11/26. Dkt. No. 1 at ECF 4. The
Award directed the Republic to pay Tenaris $172,801,213.70, an amount that includes $87.3
million in compensation for the expropriation of its investment in a Venezuelan steel company,
Materiales Siderúrgicos Masisi S.A., plus an additional $85,501,213.70 in "pre-Award interest."
Dkt. No. 1-4 at ECF 101. The Award further provides for "post-Award interest … at the rate of
9% per annum, compounded at six-monthly rests from the date of this Award until payment in
full …" *Id.* Pursuant to the Convention on the Settlement of Investment Disputes between
States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 (the
"ICSID Convention"), the Republic filed applications for rectification and annulment of the
Award, which were denied. Dkt. No. 1 at ECF 7.

On October 16, 2019, this Court issued a minute order directing Tenaris to show cause
why the case should not be dismissed for lack of prosecution. On October 29, 2019, Tenaris
filed a response to the order to show cause and moved for entry of default. Dkt. Nos. 11-12. On
October 30, 2019, the Clerk of the Court entered a default against the Republic. Dkt. No. 13.

On November 1, 2019, Tenaris moved for entry of default judgment against the Republic in the amount of $240,935,487 plus "ongoing interest … as provided by the Tribunal" accruing at 9% per annum compounded every six months.  Dkt. No. 14-5 at ECF 2.

On January 7, 2020, this Court sent a letter to the Special Attorney General of Venezuela José Ignacio Hernández to inform him of the above-captioned litigation and advise him of Tenaris's motion for entry of a default judgment.  Dkt. No. 17.  This Court graciously advised the Special Attorney General that it would not take any action on that motion until February 14, 2020.  *Id.*  The Special Attorney General submitted a letter, dated January 17, 2020, on behalf of the Republic to thank the Court for its letter and advising the Court that the Republic would file a response to Tenaris's motion by February 14, 2020.  Dkt. No. 18.  On February 18, 2020, the Court granted an extension of the Republic's deadline to respond until February 28, 2020.

## **ARGUMENT**

### I.     **Any Judgment Entered on the Award Must Accrue Post-Judgment Interest at the Mandatory Federal Rate under 28 U.S.C. § 1961**

While the Republic does not oppose the entry of judgment on the Award, once this Court enters judgment, that judgment can only accrue post-judgment interest at the federal statutory rate set forth in 28 U.S.C. § 1961.  Section 1961 provides the mandatory post-judgment interest rate that applies to all judgments entered in federal courts, including judgments entered on arbitral awards.  *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004); *see also Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 457 (5th Cir. 2013) ("A judgment confirming an arbitration award – like any other civil judgment – is subject to § 1961."); *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) ("[O]nce an arbitration award is confirmed in federal court, the rate specified in § 1961 applies.").

The primary basis for the application of Section 1961 to judgments on arbitral awards is the merger doctrine.  *See Westinghouse*, 371 F.3d at 102.  Under that doctrine, the obligations owed under an arbitral award merge into the judgment, and, as a result, the rate provided under Section 1961 applies.  *See id.*  In other words, once a plaintiff obtains a judgment on an arbitral award it no longer has an arbitral award – it has a federal court judgment.

Section 1961 applies even if the arbitral award provides for a different interest rate.  *See Tricon Energy*, 718 F.3d at 459; *Westinghouse*, 371 F.3d at 102.  Section 1961 can only be overridden in cases involving arbitral awards where (1) the parties ***explicitly*** agreed to apply a different post-judgment interest rate and (2) the arbitral award ***explicitly*** provides for post-***judgment*** interest as opposed to post-***award*** interest.  *See Tricon Energy*, 718 F.3d at 459; *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 148 (2d Cir. 2010); *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009); *Westinghouse*, 371 F.3d at 102; *Aboulhosn v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 940 F. Supp. 2d 1203, 1228 (C.D. Cal. 2013).  Courts require a high degree of explicitness in order to override Section 1961.  Generalized language – such as specifying an interest rate to apply "until paid" or "to date of payment" – is routinely held insufficient to overcome Section 1961.  *See Tricon Energy*, 718 F.3d at 459 (arbitral award providing for interest "at the rate of 8.5% per annum … [from] the date of th[e] award, until paid" was not sufficiently explicit to override Section 1961); *Westinghouse*, 371 F.3d at 102 ("[The parties] agreed that a 15.5 percent interest rate would be added to any arbitration award 'from the date payment was due to the date payment is made.' The parties failed to state that this rate would apply to judgments rendered on that award.")

The analysis is no different where, as here, the arbitral award was rendered under the auspices of ICSID.  Courts in this Circuit have applied Section 1961 to judgments entered on

ICSID awards.  *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, Civ. No. 16-

1533 (ABJ), 2019 U.S. Dist. LEXIS 85128, at *18-22 (D.D.C. May 21, 2019); *see also Rusoro*

*Mining Ltd. v. Bolivarian Republic of Venezuela*, 300 F. Supp. 3d 137, 2018 U.S. Dist. LEXIS

34706, *26 (D.D.C. 2018); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 244 F.

Supp. 3d 100, 123 (D.D.C. 2017); *Miminco v. Democratic Republic of the Congo*, 79 F. Supp. 3d

213, 218, 220 (D.D.C. 2015).

For example, in *OI European Group*, the petitioner argued that, because its award was

rendered by ICSID, the court was required to enter a judgment that provided for post-judgment

interest to accrue at the same rate as provided in the award, which stated that interest would

accrue at a rate of LIBOR plus 4% "until payment in full."  *OI Eurorean*, 2019 U.S. Dist. LEXIS

85128, at *6.  The court rejected the argument that Section 1961 was inapplicable to ICSID

awards.  *Id.* at *18-21.  It explained that the ICSID Convention's enabling statute, 22 U.S.C.

§ 1650a, requires courts to treat ICSID awards the same as state court judgments and Section

1961 applies to federal judgments entered on state court judgments.  *Id.* at *21.  The court further

concluded that the award merely provided for interest to accrue "until payment" without any

mention of post-judgment interest and therefore did not impose any "pecuniary obligation" to

pay a specific rate of post-judgment interest.  *Id.*

Here, the Award does not provide for ***post-judgment*** interest, as opposed to ***post-award***

interest, and Tenaris has not pointed to any agreement between the parties explicitly providing

for post-judgment interest.  Rather, it explicitly provides for "post-Award interest" to run from

"the date of this Award until payment in full."  Dkt. No. 1-4 at ECF 101.  But such generalized

language in an arbitration award is insufficient to override the mandatory post-judgment interest

rate set forth in Section 1961.  *See, e.g., Tricon Energy*, 718 F.3d at 459; *OI Eurorean Group*,

2019 U.S. Dist. LEXIS 85128, at *6, *22.  Thus, any judgment entered on the Award must

accrue post-judgment interest at the rate mandated by Section 1961.

## II.   <u>Tenaris's Request for Costs and Fees Should Be Denied</u>

Tenaris's request for costs and attorneys' fees for bringing this action is meritless.  (Pet.

at p. 9; Pl. Br. at p. 13; Proposed Order, Dkt. No. 1-9.)  Pursuant to the so-called "American

rule," parties to U.S. litigation proceedings are responsible for their own litigation costs except in

certain limited circumstances not applicable here.  *See Summit Valley Indus. v. United Bhd. of

Carpenters & Joiners*, 456 U.S. 717, 725 (1982); *Am. Sec. Bank, N.A. v. John Y. Harrison

Realty, Inc.*, 670 F.2d 317, 322-23 (D.C. Cir. 1982).  Tenaris fails to articulate any basis for

including a request for costs and attorneys' fees in their Petition and Proposed Order.  None

exist.  Thus, Tenaris's demand for costs and legal fees should be denied.

## III.   **This Court Should Stay Enforcement of the**
## **<u>Judgment in light of the Venezuelan Sanctions</u>**

The Venezuelan sanctions program prohibits judgment creditors from enforcing their

judgments against the Republic unless and until they obtain a license from OFAC.  The

Venezuelan sanctions program was promulgated pursuant to the International Emergency

Economic Powers Act ("<u>IEEPA</u>"), which authorizes the President, upon the declaration of a

national emergency, to "nullify, void, prevent or prohibit, any acquisition … use, transfer … or

dealing in, or exercising any right, power, or privilege with respect to, or transactions involving,

any property in which any foreign country or a national thereof has any interest."  50 U.S.C.

§ 1702(a)(1)(B).  In 2015, President Barack Obama exercised his authority under IEEPA to

declare a national emergency with respect to the ongoing crisis in Venezuela.  Exec. Order No.

13692, 80 Fed. Reg. 12747 (Mar. 8, 2015) ("<u>E.O. 13692</u>").  Thereafter, President Donald J.

Trump exercised his authority under IEEPA to take additional steps to address the national emergency declared in E.O. 13692 by issuing several additional Executive Orders.

In particular, on August 5, 2019, the President issued Executive Order 13884 ("E.O. 13884"), which states that all property and interests in property of the Republic that are in the United States or that come into the possession or control of a U.S. person "are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Exec. Order No. 13884, 84 Fed. Reg. 38843 (Aug. 5, 2019), § 1(a). E.O. 13884 further directs the Treasury Secretary to issue regulations and take other actions necessary to implement that order. *See* E.O. 13884, § 8; *see also* 50 U.S.C. § 1704.

On November 22, 2019, OFAC issued amended Venezuelan sanctions regulations, which implement all of the executive orders issued in connection with the national emergency declared in E.O. 13692, including E.O. 13884. 31 C.F.R. § 591.201. The amendments included a new regulation, which states:

> Notwithstanding the existence of any general license issued under this part, or issued under any Executive order issued pursuant to the national emergency declared in E.O. 13692, the entry into a settlement agreement or ***the enforcement of any*** lien, ***judgment,*** arbitral award, decree, or other order ***through execution***, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 591.201, as referenced in § 591.506(c), ***is prohibited*** unless authorized pursuant to a specific license issued by OFAC pursuant to this part.

31 C.F.R. § 591.407 (emphasis added). The Venezuelan sanctions regulations further state that "any ***attachment***, judgment, decree, lien, ***execution, garnishment, or other judicial process*** is ***null and void*** with respect to any property and interests in property blocked pursuant to § 591.201." 31 C.F.R. § 591.202(e) (emphasis added). The Supreme Court upheld nearly identical regulations under the Iran sanctions program, stating that the President had the authority

under IEEPA to prohibit attachments of blocked property and to retroactively nullify any such attachments.  *See Dames & Moore v. Regan*, 453 U.S. 654, 673-75 (1981).

Furthermore, pursuant to the Foreign Sovereign Immunities Act, a judgment creditor cannot commence enforcement of a judgment against a foreign state, such as the Republic, unless and until such time as the court deems it reasonable to do so.  *See* 28 U.S.C. § 1610(c).  In light of the Venezuelan sanctions, it is inherently unreasonable to allow Tenaris to commence enforcement of a judgment in the present circumstances.

The most prudent course of action is to stay enforcement of the judgment until Tenaris obtains the requisite license from OFAC.  Such a stay is necessary to ensure compliance with the Venezuelan sanctions and will not work any prejudice against Tenaris because it cannot seek to attach or execute upon any property of the Republic – property that has been blocked pursuant to the Venezuelan sanctions program – in the present circumstances.  *See* E.O. 13884, § 1(a). Accordingly, once this Court enters a judgment on the Award, this Court should stay enforcement of that judgment until such time as Tenaris obtains a license from OFAC or the relevant sanctions are lifted.  *See* 28 U.S.C. § 1610(c).[1]

---

[1] The administration of Interim President Juan Guaidó, which has been recognized by the United States as the Republic's legitimate government, has every intention of honoring valid ICSID awards.  *See Guidelines for the Renegotiation of the Chavez/Maduro Era Legacy Public External Debt*, published by the Office of the Special Attorney General of the Bolivarian Republic of Venezuela, dated Jul. 1, 2019, attached hereto as Exhibit A.  Strict enforcement of the Venezuelan sanctions program helps further this goal.  Indeed, a key purpose of the Venezuelan sanctions program is to support the Guaidó administration and to preserve the assets of the Venezuelan people.  *See* E.O. 13884; *see also* U.S. Dep't of Treasury, *Treasury Sanctions Venezuela's State-Owned Oil Company Petróleos de Venezuela, S.A.* (Jan. 28, 2019), https://home.treasury.gov/news/press-releases/sm594.

## <u>CONCLUSION</u>

For the reasons set forth above, judgment entered on the Award in substantially the same form and substance as the Proposed Order for Final Judgment submitted herewith, which provides for post-judgment interest to accrue at the mandatory federal statutory rate, requires the parties to bear their own costs in this action and stays enforcement of the judgment until such time as Tenaris is permitted to seek enforcement under the OFAC sanctions.

Dated:        Washington, D.C.                    Respectfully submitted,
              February 28, 2020

                                                  CURTIS, MALLET-PREVOST,
                                                  COLT & MOSLE LLP

                                                  By:  _/s/ Joseph D. Pizzurro_____
                                                  Joseph D. Pizzurro
                                                  (D.C. Bar No. 468922)
                                                  Kevin A. Meehan
                                                  (D.C. Bar No. 1613059)
                                                  1717 Pennsylvania Avenue, N.W.
                                                  Washington, D.C. 20006
                                                  Tel.:  (202) 452-7373
                                                  Fax:  (202) 452-7333
                                                  Email:  jpizzurro@curtis.com
                                                  Email: kmeehan@curtis.com

                                                  *Attorneys for Defendant Bolivarian*
                                                  *Republic of Venezuela*