UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TENARIS S.A. and TALTA-TRADING E MARKETING SOCIEDADE UNIPESSOAL LDA,<br><br>        Petitioners,<br><br>        v.<br><br>**BOLIVARIAN REPUBLIC OF VENEZUELA**,<br><br>        Respondent. | Case No. 18-cv-1371 (CRC) |

## MEMORANDUM OPINION

On June 17, 2020, the Court issued a Memorandum Opinion and Order confirming a foreign arbitral award in Petitioners' favor but deferred issuing a final judgment. Because the amount of the award needed to be updated to reflect the post-award interest that has accrued since the award was issued on January 29, 2020, the Court solicited supplemental submissions from the parties.

Petitioners submitted a response detailing their calculations of the award. Venezuela also filed a response, contesting only that the post-award interest should be calculated until June 17, 2020, the date of the Court's Order confirming the foreign arbitral award, as opposed to the date of this Order confirming the exact amount of the award. Venezuela's contention, though mistaken, is understandable. In its June 17, 2020 Memorandum Opinion, the Court erroneously stated that "§ 1961's rate shall apply to the accumulation of interest from the date of this ruling." The Court regrets the oversight. The June 17, 2020 Order was not a final judgment because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the

judgment," <u>Franklin v. D.C.</u>, 163 F.3d 625, 628 (D.C. Cir. 1998) (quoting <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945)); rather, the Order expressly indicated that the Court still needed to calculate the total amount of the judgment.  In actions seeking damages, "a final judgment in a Petitioner's favor declares not only liability but also the consequences of liability—what, if anything, [Venezuela] must do as a result." <u>Id</u>.  Although the June 17, 2020 Order "established [Venezuela's] liability, . . . it granted no relief, it imposed no obligations on [Venezuela], [and] it did not say, as final decisions in such cases must, 'who is entitled to what from whom.'" <u>Id.</u> (quoting <u>Horn v. Transcon Lines, Inc.</u>, 898 F.2d 589, 591 (7th Cir. 1990)).  Accordingly, the Order and Judgment accompanying *this* Memorandum Opinion is the applicable final judgment and the Court will calculate post-award interest as running through today's date.

Turning to the amount of the final judgment, the Court finds that Petitioners are entitled to the following as awarded by the arbitral tribunal: damages in the amount of $87,300,000 USD; pre-award interest from April 30, 2008 to January 29, 2016 in the amount of $85,501,213.70 USD; and costs in the amount of $225,000.  Furthermore, the Court finds that Petitioner is entitled to post-award interest in the amount of $83,348,795.42 USD.[1]  In total, then, Petitioners

---

[1] Pursuant to the arbitral award, post-award interest accrues at a rate of 9% per annum compounded semiannually, from the date of the Award (January 29, 2016) to the date of the judgment (July 17, 2020).  Because the post-award interest was last compounded on January 29, 2020, the Court calculated the amount of additional post-award interest that accrued between January 29, 2020 and the date of this award, July 17, 2020.  It did so using the following formula: additional post award interest = (nominal interest rate)*(compounding period as a fraction of a year)*(balance at the beginning of the compounding period).  Here, because July 17, 2020 is 170 days after January 29, 2020, that calculation was: (.09)*(170/365)*(246,060,684.54), which equals $10,314,324.58.  Adding that amount to the post-award interest that had accrued prior to January 29, 2020—which was $73,034,470.84—the Court arrived at the total post-award interest of $83,348,795.42.

are presently entitled to a judgment in the amount of $256,375,009.12.  As noted in the Court's prior ruling, Petitioners are also entitled to post-judgment interest starting from the date of this judgment pursuant to 28 U.S.C. § 1961.

      A separate Order and Judgment shall accompany this Memorandum Opinion.

_____  
CHRISTOPHER R. COOPER  
United States District Judge

Date:  <u>July 17, 2020</u>